*453 The opinion of the Court was delivered bj
Johnston,'Ch.'.
In affirming the decree, it does not seem-necessary-'to-say anything, except in relation to the receipts' given by Mr. Sheriff Cockrell.
• One of these is for. two thousand six hundred dollars, and bears date in October, 1847; and the other for six hundred and fifteen.dollars, and dated in March, 1848.
Let it be conceded, now,- that' there were no executions in the sheriff’s office older than those produced before the referée,-to which these monies should have been applied; what is the consequence?- ...
"Wefind from the report, that at a time subsequent to the reception of these sums of money by the sheriff, hei applied a much larger sum to the different executions of the bank, in his hands. The-question arises whether this application does not account for the money-included in these receipts ?■. ■ . ■
If the sums .thus credited upon the executions tallied exactly in amount,, with the sums previously receipted for by the sheriff, we should naturally conclude that the credits were for'the identical sums mentioned in the receipts; — though, indeed, the question "might arise whether the interest on the executions should not be adjusted,-by ante-dating the credits, so as to correspond with the payments made to the sheriff.- But, I think, that unless there was proof .'showing .funds - in the sheriff’s hands, fund's in addition to those. acknowledged hy his receipts, we shbuld.be justified in considering the credits were given on account of the-monies for-which he had receipted.
The• credits entered on the executions do not, however,- correspond.exactly with the sums contained in the receipts of the sheriff. • .They.are for a.larger amount. Plow does that' circumstance affect the question ? .Unless we were’shown that he received monies’from other sources, to an amount.sufficient to have produced the credits, independently of, and in addition to that mentioned in the r eceipts, we should still be bound to regard this latter money as having entered into the credits. If in the *454 absence of a such a shewing this would he the natural and justifiable conclusion; then, of course, it follows, that he who would have a different conclusion drawn, must shew grounds for it by proof of funds to an amount sufficient to account for the credits endorsed on the executions, without resorting to those mentioned in the loose receipts.
In this case we have no proof of any source whence the sheriff derived the monies which he applied, except that which arises from the receipts given by him; — at all events, no proof of additional funds of sufficient amount to produce the credits, independently of the money acknowledged in the receipts.
This proof it was the duty of. the plaintiffs to give, if it existed; and having failed to give it, the referee was justified in the conclusion which he drew.
Suppose Raines, himself, was now calling the sheriff to account for the monies received by him, — would not the credits which he put on the executions be a sufficient account, on his part, for all the, monies he is proved to have received ? Certainly. And I suppose it is as good an account when the demand is made by his creditors, as if it were made by himself.
Nor is this all. The money was receipted for in 3847 and 1848. The application was made-in January, 1849. Would Raines have been quiet all this time, if the whole of his payments had not been credited ? Would his creditors have been quiet ? More than this, — is it natural to suppose that the bank herself, — which these plaintiffs now contend was entitled to this money, — would the bank have been quiet ? Would that creditor, who has been driven to the long and tedious process which this suit exhibits, have submitted to this delay and vexation in getting in her demand, if she had nothing to do but to call on the sheriff and get the money ?
It is ordered that the decree be affirmed, and the appeal dismissed.
Dukkin and Darsan, CC., concurred.

Appeal dismissed.